**Daniel Oquita GUTIERREZ, Petitioner–Appellant,**

v.

**Richard A. BOCK; Attorney General of the State of Arizona; Charles L. Ryan, Respondents–Appellees.**

**No. 13–16849.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 2015.*

Filed Sept. 24, 2015.

Michael J. Bresnehan, Esquire, Michael J. Bresnehan PC, Tempe, AZ, for Petitioner–Appellant.

Kathryn Ann Damstra, Assistant Attorney General, Office of the Attorney General, Tucson, AZ, for Respondent–Appellee.

Before: CHRISTEN and FRIEDLAND, Circuit Judges and LEMELLE,** Senior District Judge.

### MEMORANDUM ***

After a shooting at a crowded party, an Arizona jury convicted Daniel Gutierrez on several counts of assault and one count of manslaughter. Gutierrez filed a petition for a writ of habeas corpus in state court alleging ineffective assistance of counsel. After that petition's denial and several unsuccessful appeals, Gutierrez filed a petition for a writ of habeas corpus in the district court. The district court dismissed the petition and Gutierrez appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Gutierrez argues his counsel's decision not to call Jose Baldenegro as a witness amounted to ineffective assistance. Gutierrez is not entitled to relief because the state court reasonably concluded that, even if counsel's performance was deficient, Gutierrez had not "show[n] that the deficient performance prejudiced the defense." *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); 28 U.S.C. § 2254(d)(1). Gutierrez's DNA was on the gun used in the shooting and Baldenegro's account would have been contradicted by that of two other witnesses.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts, so we will not recount them here.